IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

RONALD BROWN

                Plaintiff,

Vs.                                                                No. 10-2620-SAC

MCDONALDS USA LLC, and
MCDONALDS

                Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's response to the notice and order to show cause (Dk. 6) filed November 18, 2010. By that order, the plaintiff was "ordered to show cause in writing" to this court "why this case should not be dismissed for failure to state a claim for relief that is plausible on its face." *Id*. The plaintiff has furnished the court with a written response filed November 23, 2010. (Dk. 8).

The plaintiff's complaint is a *pro se* civil complaint form with handwritten allegations. (Dk. 1). The plaintiff asserts he is a citizen of Kansas while both defendants are incorporated under Texas law and have their principal bases of business in a State other than Kansas. The plaintiff further asserts jurisdiction as arising from a violation of his civil or equal

rights pursuant to 28 U.S.C. § 1343. As to another ground for jurisdiction, the plaintiff alleges:

> I was flat refused to use by my Bank of America Debt card. I was told I had to "Pay Cash". This was a location in Pilot truck stop, at Amarillo, Tx. I not able to purchase w/ cash, my Company give us cash for repairs. I told this women, a Mexican lady. I come back, she told me she wouldn't let me use my Debt card.

(Dk. 1, p. 3).

Insofar as alleging a claim for relief, the plaintiff alleges the following:

> I feel by the way I Mr. Brown was treated. I just went inside to use the men's bathroom, went to order, and realized I left my billfold in truck, went out came back, and all this went down. She used wrongful respect. Say'n I was gone to long. Perhaps 3 to 5 minutes. I was hurt, embarassed, treated wrongfully. It was very unprofessional. I had asked her name she stated "Norma." What's your last name, just Norma, I moved on. And got me a couple of hot dogs not what I wanted. Do have my receipt that day Monday 9/27/10. . . . I had some belief it was the tee shirt I was wearing had Arizona on it etc. But however her professionalism was very bad. Had no people of color, it didn't Black etc, just mostly mexican.

(Dk. 1, pp. 3-4). The Magistrate Judge issued an order to show cause why this case should not be dismissed for failure to state a claim for relief. (Dk. 6). The Magistrate Judge subsequently granted the plaintiff's motion to proceed without prepayment but deferred service of process until this ruling on the show cause order. (Dk. 9, pp. 1-2).

In response to the show cause order, the plaintiff filed a pleading that included the following:

- My case is on discriminatory practices, which was used by Defendant's employee. It was a case of discrimination and my Civil Rights were violated when McDonald's employee denied me the right to be able to use my debit card, which all McDonald's across the country, accept debit cards
- The McDonald's employee refused me service by not allowing me to use my debit card. I was only allowed to pay cash, which is discrimination by this employee, at the Amarillo, TX Pilot Truck Stop, which has a McDonald's attached.
- When I asked why my debit card was not able to be used, the employee stated that I had to use cash and began arguing with me.
- I told the employee I would come back in ten minutes to get my food. I left to retrieve my wallet and upon returning my debit card was not accepted for use by the employee.
- There were several witnesses but I did not take the opportunity to take their names. I was so disgusted by this blatant act of discrimination being put upon me.

(Dk. 8).

The plaintiff's complaint is subject to summary dismissal if the court finds it fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). This provision applies to all plaintiffs seeking in forma pauperis status. *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Dismissal under § 1915(e)(2)(B) is analyzed using the same standard applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). The court is to accept as

true all well-pleaded facts and is to draw all reasonable inferences from those facts in favor of the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The court, however, is not under a duty to accept legal conclusions as true. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009). Although the pleadings of a pro se plaintiff are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), to avoid dismissal a complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action ... [and] must allege sufficient facts to state a claim which is plausible-rather than merely conceivable-on its face." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008). Nor is the court an advocate and will not allege additional facts or assert alternative legal theories for the pro se party. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)

The plaintiff explains his case as alleging a discriminatory practice by the defendant's employee, but he fails to allege any actionable basis for a discrimination claim. He has not referred to any law that protects his status as a debit card user or that covers him for wearing a tee shirt with "Arizona on it." He has not alleged that he is a member of a racial

4

minority and that he has been discriminated against on the basis of his race as to be actionable under 42 U.S.C. §§ 1981 or 1982. For that matter, the plaintiff has not alleged the required state filing of notice for a discrimination claim under 42 U.S.C. § 2000a-3(c). Additionally, he has not alleged the defendant acted under color of any state law in depriving him use of the debit card as to be actionable under 42 U.S.C. § 1983. Because the plaintiff may be in a position to allege a basis for discrimination that is actionable, the court will dismiss the complaint without prejudice. The plaintiff's motion for settlement procedures is denied.

IT IS THEREFORE ORDERED that the plaintiff's complaint is dismissed without prejudice;

IT IS FURTHER ORDERED that the plaintiff's motion for settlement procedures (Dk. 10) is denied.

Dated this 21st day of December, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge